UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

RANDY MAYFIELD CURRY-HOWARD,

        Petitioner,                    Case No. 2:16-cv-159

v.                                          Honorable Gordon J. Quist

KATHLEEN OLSON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Randy Mayfield Curry-Howard, a state prisoner currently incarcerated at the Ojibway Correctional Facility (OCF), seeks to challenge his state court convictions for one count of first-degree criminal sexual conduct (CSC I) and two counts of second-degree criminal sexual conduct (CSC II). On January 20, 2011, Petitioner was sentenced to one term of 9 to 40 years and two terms of 6 to 15 years.

Petitioner appealed his convictions to the Michigan Court of Appeals, asserting claims of ineffective assistance of counsel and insufficiency of the evidence. The Michigan Court of Appeals affirmed Petitioner's convictions. Petitioner's subsequent appeal to the Michigan Supreme Court was denied on September 24, 2012. On June 17, 2013, Petitioner filed a habeas corpus petition in this Court, raising the same issues as he had raised in his direct appeal to the Michigan Supreme Court. *See Curry-Howard v. Smith*, Case No. 1:13-cv-650, ECF No. 4 (W.D. Mich. Jul. 11, 2013). However, Petitioner also sought a stay so that he could file a motion for relief from judgment in the Michigan courts on claims of newly discovered exculpatory evidence and the constructive denial of trial counsel. *Id*. The Court determined that Plaintiff had sufficient time to return to the state courts and exhaust his remedies without running afoul of the statute of limitations and denied his motion for stay. The Court dismissed Petitioner's application for habeas corpus relief without prejudice. *Id.*

Petitioner states that he filed a motion for relief from judgment in the Kent County Circuit Court in December of 2013. On February 14, 2014, the Circuit Court denied Petitioner's motion. Therefore, Petitioner had until August 17, 2014, to appeal the ruling to the Michigan Court of Appeals. In June of 2014, Petitioner filed his application for leave to appeal. However, Petitioner relied on the advice of the jailhouse lawyer and filed his application in the Kent County Circuit

Court, instead of properly filing it in the Michigan Court of Appeals. After approximately one year, Petitioner began writing to various courts, including the Michigan Court of Appeals and the Kent County Circuit Court, in an effort to learn what had happened with his appeal. Eventually, on November 4, 2015, the Chief Appellate Attorney for the Kent County Prosecutor's Office, James K. Benison, wrote to Plaintiff and explained his filing error:

> From what I can tell, you filed a motion for relief from judgment that was denied on February 17, 2014, by the trial judge. From the paperwork you provided, it appears that in June 2014, you filed your application for leave to appeal with the 17th Circuit Court (which will put any received paperwork in their file, and often gets copies of appeal paperwork). The Circuit Court, however, is not the Michigan Court of Appeals, which is the entity that would have needed a copy of your application for leave to appeal to consider whether it had any merit. From looking at their website, they never received anything from you after your original appeal. However, because I am not a defense attorney, I might be wrong. I certainly cannot give you any advice on how to proceed, nor can I guarantee that my understanding of the circumstances are correct. It is also possible the Court of Appeals has already sent you a letter that is not reflected on their public website, so you might have more information than I could gather from that website. I am also not the person to whom you should direct requests for information or assistance, because I am with the Prosecutor's Office and therefore "on the other side." With the letter having been dropped off to me, however, and it not appearing that anyone else has sent a responsive letter to you, I figured you should at least have the courtesy of some reply.

*See* ECF No. 2-3, PageID.49.

Petitioner states that he "immediately" sought the assistance of a legal writer from the MDOC Legal Writer Program. Petitioner filed the instant application for habeas corpus relief on or about July 8, 2016.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 7, 2016, and it was received by the Court on July 8, 2016. Thus, it must have been handed to prison officials for mailing at some

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

time between July 7 and July 8 of 2016. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 24, 2012. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 24, 2012.

Petitioner had one year from December 24, 2012, or until December 24, 2013, to file his habeas application. Petitioner filed on June 17, 2013. However, as noted above, Petitioner's first habeas corpus action was dismissed for failure to exhaust his state court remedies on July 11, 2013. Petitioner filed his motion for relief from judgment in the state court in early December of 2013, tolling the statute of limitations.[2] At this point, Petitioner had something less than one month remaining in the limitations period. As noted previously, Petitioner had until August 17, 2104, to properly file an appeal in the Michigan Court of Appeals. Petitioner failed to properly file his appeal, so the statute of limitations began to run again on August 17, 2014. Therefore, the statute of limitations would have run no more than 30 days later on September 18, 2014. Petitioner did not file the instant habeas corpus action in this court until July 7, 2016. Obviously, he filed more than

---

[2]The statute of limitations is not tolled in the period during which a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

one year after the time for direct review expired. Thus, absent equitable tolling, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner asserts that he is entitled to equitable tolling because he relied on the advice of a jailhouse lawyer, who advised him to send his appeal to the Kent County Circuit Court, rather than to the Michigan Court of Appeals. Plaintiff discovered this mistake after Mr. Benison wrote to him on November 4, 2015. However, Plaintiff did not file the instant petition until eight months later, on July 7, 2016. Petitioner does not explain the eight month time delay in filing.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey*

*v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

In order to rise to the level of an extraordinary circumstance that would support equitable tolling, "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In *Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012), the Sixth Circuit held that an attorney's failure to notify a petitioner that the state court or appeals had affirmed his conviction, thereby triggering the statute of limitations, could in some circumstances warrant equitable tolling. However, the petitioner was not entitled to equitable tolling because he waited three years before taking any action. *Id.* (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that a petitioner who waited 18 months to take action had not been sufficiently diligent).

In an unpublished Sixth Circuit decision, the court found that 28 U.S.C. § 2244(d)(1)(B) may apply in cases where a petitioner has alleged facts that he was actually prevented from timely filing a habeas petition because of the ineffectiveness of his state appellate counsel. *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003). In *Winkfield,* the court held that the ineffective assistance of counsel in failing to advise the petitioner that a "new trial motion had been denied and thus the time to appeal was running," and actively misleading the petitioner that his "motion and direct appeal were still pending" constituted state action. *Id.* at 582. However, the court ultimately held that § 2244(d)(1)(B) did not apply because the petitioner failed to show a

"causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583.

Assuming without deciding that the action of Petitioner's "jailhouse lawyer" constituted extraordinary circumstance that would support equitable tolling, Petitioner has failed to show that he acted with due diligence. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   September 30, 2016                              */s/ Timothy P. Greeley*
                                                                           TIMOTHY P. GREELEY
                                                                           UNITED STATES MAGISTRATE JUDGE


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).